Filing # 64863148 E-Filed 12/01/2017 03:37:17 PM

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA
CIVIL DIVISION

**RAFIK KAHN,**

    **Plaintiff,**

v.                                                                                  Civil Action No. _____

**AZ SOUTHEAST DISTRIBUTORS LLC,**
a foreign limited liability company,

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RAFIK KAHN ("Plaintiff"), by and through his undersigned attorney, hereby sues Defendant, AZ SOUTHEAST DISTRIBUTORS, LLC ("Defendant"), and in support thereof, alleges as follows:

### COMMON FACTS AS TO ALL COUNTS

1. This is an employment-related action for violations of the Plaintiff's civil rights by his employer, Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and the Florida Civil Rights Act of 1992, § 760.01, Florida Statutes, *et seq.*("FCRA").

2. Defendant, AZ SOUTHEAST DISTRIBUTORS, LLC, is a foreign limited liability company.

3. On information and belief, Defendant is authorized to conduct business in the state of Florida.

1

4. Defendant, as Plaintiff's employer, established a pattern and practice over many years by honoring employee Plaintiff's customary annual request for reasonable religious accommodation so that Plaintiff could observe an annual traditional Muslin religious holiday known as Eid al-Fitr.

5. Plaintiff is a devoted practicing Muslim.

6. Plaintiff was the sole employee within his Florida work unit to make Plaintiff's customary annual request of Defendant for Plaintiff to take the annual traditional Muslim religious holiday of Eid al-Fitr as a paid vacation day, which Defendant customarily granted on an annual basis.

7. In accommodating Plaintiff's customary annual request for religious observance of the Eid al-Fitr Muslim annual traditional religious holiday during the term of Plaintiff's employment by Defendant, Defendant customarily allowed Plaintiff to take a paid vacation day which Plaintiff had accrued per Defendant's paid vacation policy so that Plaintiff did not have to report to work on the day of the annual Muslin Eid al-Fitr religious holiday.

8. In accommodating Plaintiff's annual and customary requests for religious accommodation throughout the term of Plaintiff's employment by Defendant so that Plaintiff could attend the annual traditional Muslim holiday of Eid al-Fitr as a paid holiday, Defendant agreed with Plaintiff that granting Plaintiff's annual request for reasonable religious accommodation so that Plaintiff could observe the traditional religious Muslim holiday of Eid al-Fitr was not an undue burden upon Defendant.

9. The above described established pattern and practice continued throughout Plaintiff's years of employment by Defendant, which began in the year 1996 until Defendant stopped the established pattern and practice, without warning to Plaintiff in the year 2015.

10. At all times material hereto, Plaintiff, maintained a satisfactory work performance record with Defendant.

11. In July 2015, Plaintiff again advised Defendant of Plaintiff's customary annual request of Defendant that Plaintiff take a paid vacation day in order to observe the Eid al-Fitr traditional Muslim religious holiday in 2015, as was Plaintiff's custom, long recognized and historically approved by Defendant

12. In July 2015, without prior notice, warning or discussion with Plaintiff, Defendant denied Plaintiff's customary annual request for reasonable religious accommodation for Plaintiff to observe said traditional Muslim religious holiday in 2015, stating to Plaintiff that Plaintiff did not attend church.

13. In denying Plaintiff's customary annual request for reasonable religious accommodation in 2015 so that Plaintiff could observe the Eid al-Fitr Muslim annual traditional religious holiday as Plaintiff had historically observed with Defendant's approval, Defendant offered no interactive conversation to Plaintiff regarding Plaintiff's request for the annual reasonable religious accommodation customarily and historically granted by Defendant to Plaintiff as a paid vacation day.

14. Defendant stated to Plaintiff that Plaintiff's customary annual request for reasonable religious accommodation was being denied by Defendant in 2015 based upon the alleged grounds that Plaintiff did not attend church.

15. In denying Plaintiff's customary annual request for reasonable religious accommodation in 2015, Defendant offered no showing of undue business hardship that might allegedly in the event Plaintiff's 2015 customary annual request for reasonable religious accommodation was granted by Defendant.

16. On the day of the 2015 annual Eid al-Fitr Muslim religious holiday, Plaintiff sent an email to Defendant stating that Plaintiff would not be at work due to his observance of the 2015 Eid al-Fitr Muslim traditional religious holiday as Plaintiff had done annually and consistently over the years per the pattern and practice historically agreed upon by Defendant and Plaintiff.

17. On or about Monday, July 20, 2015, Defendant terminated the employment of Plaintiff without counseling, final warning or explanation.

18. Defendant made no showing to Plaintiff of undue business hardship suffered by Defendant due to Plaintiff's absence during the 2015 annual traditional Eid al-Fitr Muslim religious holiday.

19. Defendant's conduct towards Plaintiff in denying Plaintiff's annual customary request for reasonable religious accommodation violated years of Defendant's established historic annual pattern and practice in accommodating Plaintiff 's reasonable request to observe the Muslim religious holiday of Eid al-Fitr as a paid vacation day.

20. Defendant's statement that Plaintiff did not go to church reflects religious animus on the part of Defendant towards Plaintiff.

21. Defendant' denial of Plaintiff's customary annual request in 2015 for reasonable religious accommodation for observance of the traditional annual Eid al-Fitr Muslim religious holiday upon the grounds that Plaintiff did not attend church constitutes unlawful religious discrimination by Defendant against Plaintiff in violation of Title VII and the FCRA.

## JURISDICTION AND VENUE

22. This Court has jurisdiction over this claim because the Plaintiff was wrongfully

terminated from his employment in violation of Title VII and the FCRA and seeks damages of more than $15,000, exclusive of interest, attorney's fees, and costs, and all administrative prerequisites have been exhausted.

23. Venue is proper in Orange County, Florida, because all facts material to and giving rise to the claims set forth herein occurred in Orange County, Florida.

## PARTIES

24. Plaintiff is an adult male more than 21 years of age and resides in Winter Garden, Orange County, Florida.

25. Plaintiff is a devoted practicing member of the Muslim religion.

26. Plaintiff was an employee of the Defendant pursuant to the terms of the applicable statutes and Defendant was the employer of Plaintiff pursuant to the terms of the applicable statutes.

27. At all times material to this action, the Defendant, a foreign limited liability company, was engaged in the business of distributing beverages throughout the United States, including Orange County, County, Florida, and was the employer of the Plaintiff pursuant to the terms of the applicable statutes.

28. At all times material to this action, Defendant had more than 15 employees.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

29. Plaintiff, prior to the timely filing of this action, timely submitted for administrative relief through a filing for administrative remedy before the U.S. Equal Employment Opportunity Commission ("EEOC").

30. On or about September 5, 2017, the EEOC issued its Notice of Right to Sue, a copy of which is attached hereto as Exhibit "A."

31. Plaintiff has performed all conditions precedent required for the filing of this action and for pursuit of a claim for judicial relief under Title VII and the FCRA.

## GENERAL ALLEGATIONS

32. Plaintiff is an adult male and devoted to the practice of the Muslim religion.

33. In 1996 Plaintiff was initially hired in the area of New York City, New York, by Defendant, an American producer of iced tea, juice cocktails and energy drinks based in Woodbury, New York.

34. Plaintiff's initial role with Defendant was that of a sales representative.

35. Plaintiff performed his role with Defendant in a satisfactory manner without any disciplinary performance issues.

36. In the year 2000, Plaintiff was transferred by Defendant to the State of Florida where Plaintiff continued to be employed by Defendant in Central Florida at Defendant's workplace address of 8350 Parkline Blvd. Suite 1614, Orlando, Orange County, Florida 32809.

37. During the course of his employment with Defendant in the State of Florida, Plaintiff performed many roles on behalf of Defendant for which Defendant appropriately compensated Plaintiff.

38. During the course of his employment with Defendant in the State of Florida, Plaintiff performed his work duties in a satisfactory manner, often receiving incentives and recognition from Defendant.

39. That Plaintiff was a devoted practicing member of the Muslim religion was known to Defendant in Florida.

40. Each year during his employment by Defendant both in the area of New York City, NY and in Florida, Plaintiff annually requested that he be allowed observe the annual

Muslim religious holiday, Eid al-Fitr, signifying the end of Ramadan, as a paid vacation day in the event Eid al-Fitr fell on a scheduled work day.

41. The annual Muslim religious holiday of Eid al-Fitr falls on different days of the year due to the timing of Ramadan

42. Plaintiff celebrated the annual traditional Muslim religious holiday of Eid al-Fitr during the following years while employed by Defendant, both in the area of New York City, New York and in the Central Florida area of Florida:

a) the year 1996

b) the year 1997

c) the year 1998

d) the year 1999

e) the year 2000

f) the year 2001

g) the year 2002

h) the year 2003

i) the year 2004

j) the year 2005

k) the year 2006

l) the year 2007

m) the year 2008

n) the year 2009

o) the year 2010

p) the year 2011

  q) the year 2012

  r) the year 2013

  s) the year 2014

  t) the year 2015

43. Throughout the term of Plaintiff's employment by Defendant the Defendant had established an historical pattern and practice of granting Plaintiff's annual and customary request for reasonable religious accommodation by allowing Plaintiff to take a paid vacation day so that Plaintiff could celebrate the traditional annual Muslim religious holiday of Eid al-Fitr in the event said holiday fell on a scheduled work day, thereby establishing an implied term and condition of Plaintiff's employment by Defendant.

44. On or about Monday, July 13, 2015, Plaintiff made his annual and customary request of his supervisor, Roger Morgan, to take the annual traditional Muslim religious holiday Eid al-Fit in 2015 as a paid vacation day should it fall on a scheduled work day.

45. Roger Morgan was an agent of Defendant at the time Plaintiff made the customary annual request to Roger Morgan to take the annual traditional Eid al-Fitr Muslim religious holiday in 2015 as a paid vacation day.

46. On or about Thursday, July 16, 2015 Roger Morgan advised Plaintiff that Plaintiff's customary annual request of Defendant to take the 2015 traditional Muslim religious holiday as a paid vacation day in 2015 was being denied by Roger Moore because Plaintiff did not got to church.

47. Plaintiff was surprised that Roger Morgan denied Plaintiff's customary annual request to take the annual traditional Eid al-Fitr Muslin religious holiday in 2015 as a paid vacation day was being by Roger Morgan's assertion that Plaintiff did not go to church.

48.     Roger Morgan did not offer to engage Plaintiff in interactive conversation as to the importance to Plaintiff of Plaintiff's request to observe said traditional annual Muslim religious holiday in 2015, Plaintiff's religious needs, beliefs and practices, Plaintiff's religious observances nor Defendant's historical past pattern and practice of agreeing to Plaintiff's annual and customary request as an implied term and condition of Plaintiff's employment with Defendant to observe the Muslin religious holiday of Eid al-Fitr as a paid holiday.

49.     In denying Plaintiff's annual customary request for reasonable accommodation for the traditional annual Eid al-Fitr Muslim religious holiday in 2015, Roger Morgan did not state to Plaintiff that Defendant would suffer an undue burden in the event Plaintiff observed the 2015 annual traditional Eid al-Fitr Muslim religious holiday as a paid vacation day.

50.     On or about Friday, July 17, 2015 Plaintiff sent an email to Defendant to advise Defendant that Plaintiff was observing the traditional Eid al-Fitr Muslin religious holiday on Friday, July 17, 2015 as Defendant had historically allowed Plaintiff to so in the past through Defendant's established annual pattern and practice of allowing Plaintiff to observe the Eid al-Fitr Muslim religious holiday as a paid vacation day.

51.     On or about Monday July 20, 2015 Plaintiff was driving to work for Defendant when Roger Morgan advised Plaintiff by telephone that Roger Morgan wished to meet with Plaintiff.

52.     Upon arriving at his workplace on or about Monday, July 20, 2015, Plaintiff was advised by Defendant's Branch Manager and agent of Defendant, Joe Cartelli, and Roger Moore, that Plaintiff's employment was being terminated after 17 years of employment with Defendant.

53. Joe Cartelli presented Plaintiff with a vacation request form to sign, which Plaintiff did sign, and then Joe Cartelli advised Plaintiff that his employment was terminated without offering Plaintiff any explanation.

54. Neither Defendant nor Defendant's agents had placed Plaintiff on final disciplinary work performance warning prior to Defendant terminating Plaintiff's employment following Plaintiff's annual observance of the traditional annual Muslim religious holiday of Eid al-Fitr in 2015.

55. Plaintiff is not aware of other similarly situated employees of Defendant being denied their respective requests for reasonable religious holiday accommodation by Defendant, either in the area of New York City, NY or in the Central Florida area, nor having had their employment terminated by Defendant for observance of their respective religious holidays.

56. Plaintiff alleges the denial of his 2015 request of Defendant for reasonable religious accommodation so that Plaintiff could observe the traditional religious holiday of Eid al-Fitr as a paid vacation day and Defendant's subsequent termination of Plaintiff's employment by Defendant constitute unlawful workplace religious discrimination.

57. As a result of the foregoing, Plaintiff has suffered economic losses caused by the Defendant, including a loss of wages, loss of increased pay associated with continued employment, loss of retirement benefits, of other employment benefits that accompanied Plaintiff's his role while employed by Defendant.

58. Plaintiff has retained the services of the undersigned attorney and is obligated to pay the undersigned a reasonable fee for his services

## COUNT I

## UNLAWFUL RELIGIOUS DISCRIMINATION UNDER TITLE VII

59. Plaintiff re-alleges and incorporates paragraphs 1 through 58 as if fully set forth herein.

60. The actions of the Defendant, as detailed above, are a violation of Title VII in that the Defendant engaged in unlawful workplace discrimination against the Plaintiff on the basis of religion.

61. Title VII of the Civil Rights Act of 1964, § 703(a), 42 U.S.C. § 2000e-2(a), states in relevant part:

> It shall be an unlawful employment practice for an employer. . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin . . ..

WHEREFORE, Plaintiff demands that judgment be entered in Plaintiff's favor and against the Defendant and that the Court award: back pay; front pay; compensatory damages, including damages for harmed reputation and emotional and mental suffering; pre and post judgment interest; reinstatement; punitive damages; reasonable costs and attorneys' fees; and such other relief that the Court or the Jury determines to be just and proper.

## COUNT II

### UNLAWFUL RELIGIOUS DISCRIMINATION UNDER THE FCRA

62. Plaintiff re-alleges and incorporates paragraphs 1 through 58 as if fully set forth herein.

63. The actions of Defendant, as detailed above, are a violation of the FCRA in that Defendant engaged in unlawful workplace discrimination against the Plaintiff on the basis of religion.

64. The Florida Civil Rights Act of 1992, § 760.10(1)(a), Florida Statutes, provides:

It is an unlawful employment practice for an employer to discharge or fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions or privileges of employment, because of such individual's race, color, religion, sex, pregnancy, national origin, age, handicap or marital status.

WHEREFORE, Plaintiff demands that judgment be entered in Plaintiff's favor and against the Defendant and that the Court award: back pay; front pay; compensatory damages, including damages for harmed reputation and emotional and mental suffering; pre and post judgment interest; reinstatement; punitive damages; reasonable cost and attorneys' fees; and all other relief that the Court or the Jury determines to be just and proper.

**(THE REMAINDER OF THIS PAGE IS LEFT INTENTIONALLY BLANK)**

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully demands Jury Trial of all triable issues raised before the Court.

/s/ Richard S. Larson
RICHARD S. LARSON, ESQUIRE
Florida Bar No.: 0962961
RICK LARSON LAW
310 South Dillard Street, Suite 100
Winter Garden, Florida 34787
Telephone: (407) 877-7115
Facsimile No.: (407) 877-6970
Primary Email: ricklarsonlaw@gmail.com
Counsel for Plaintiff